Mr. Chief Justice Shakkev
delivered the opinion of the court.
The defendants in error sued out an attachment against the goods and chattels of the plaintiff in error, which was levied, and he afterwards appeared, gave special bail and pleaded to the action. A verdict and judgment were rendered against him, and he brought his writ of error: The errors assigned are, first, that the court erred in not quashing the attachment; secondly, that the court erred in sustaining the demurrer to the second plea; and, thirdly, that the declaration shows no cause of action, and was bad on the plaintiff’s demurrer to the second plea.
In relation to the first error assigned, we have no means of testing the correctness of the decision of the court. The record is imperfectly made up, and shows nothing but a mere entry, that a motion to quash the attachment was overruled. On what grounds the motion was made, or for what reasons overruled, does not appear. There is no motion on • the record, unless we take as such the bare memorandum that, “ on motion to quash tlie attachment in this case, it was ordered by the court, that said motion be overruled.”
It is a rule which I take to be well settled, that appellate courts' *670 will not take notice of defects which were not noticed in the courts below, unless the proceedings be so defective that no judgment can be given. In the application of this rule, the appellate court cannot notice any irregularity which does not appear on the record.
All objections taken should be placed there, either by bill of exceptions or otherwise, and the rule is equally as applicable to motions as to any other proceedings, especially when a motion may iiivolve extrinsic matter. In the case of Harper v. Bell, 2 Bibb’s Rep. 221, the court refused to decide as to the correctness of a decision of the court below, on a motion to quash an attachment, because the grounds of the motion did not appear on the record, although it was admitted that the attachment was defective.
The motion in this case appears to have been made in proper time, before the appearance of the party, but as we know nothing of the grounds on which it was decided, our inquiry must be limited to those points which are apparent on the record.
The first defect apparent on the record, is the absence of an affidavit of the party suing out the attachment. The statute requires that an affidavit to the amount of the debt, and that the party is about to remove his effects, should be made, and bond be given, which are required to be returned to court, and it declares that every attachment, issued without such bond and affidavit taken and returned, is illegal and void, and shall be dismissed. If it were not for this imperative language I should incline to think, that the appearance of the defendant and his plea to the merits would cure the defect. When the party appeared and gave special bail, the character of the attachment was thereby changed from a proceeding in rem to process, and as such all irregularities would be waived by plea to the merits. There is a distinction taken, however, in the books between mere irregularities, and substantial defects, in process; the first are cured by appearance and plea to the merits, but the latter are not. 5 Dunford and East, 254; 1 Sellon’s Practice, 101.
The same distinction was taken in the case above cited, from 2 Bibb. It was admitted that the attachment was bad, but as it *671 could not be reached under the motion made to quash, it was considered that the defects were cured by the subsequent proceedings, inasmuch as they were not such as the court in the first instance, was bound ex officio to take notice of. It may be inferred from this decision, that if the defects had been such as the court was bound ex officio to notice, the defects would not have been considered as cured by the subsequent proceedings. Such, I think, must be the rule arising under the statute. The bond and affidavit are essential to the attachment, and without them it is said that it is void, and “shall” be dismissed. The term “shall” can be considered in no other light than as a command to the court, for it is a proceeding in which the presence of the defendant is not necessarily contemplated by the law, and it may, therefore, with great propriety, be considered as an imperative direction to the court, which it is bound ex officio to enforce.
Considering it in this light, I cannot think the defect was cured by the appearance and plea; and although the objection does not properly arise under the motion to quash, for the reasons before stated, yet it is so important a defect that we cannot pass it over. It is so obviously important, that I cannot think that it either existed or was presented to the court below.
It is remarkable that a defect so clearly fatal should not have been placed upon the 'record in support of the motion; and it would be still more remarkable if it had been brought to the notice of the court, that a motion to dismiss should have been overruled. But there is no affidavit in the record before us, and we cannot look beyond it. If. it is imperfect from neglect, the party who has neglected to have it rectified must suffer the consequences.
I do not think the other errors assigned present good cause for reversing the judgment; but as the first is well taken, it will be unnecessary to notice them.
The judgment must be reversed and the attachment dismissed.